-PS/CD-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL MELENDEZ, 91A9649,,

    Petitioner,

  -v-

BRIAN FISCHER, Commissioner and
JAMES BERBARY, Superintendent,

    Respondents.
_____

**DECISION AND ORDER**
13-CV-6231CJS

    Petitioner Melendez filed a Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 alleging that he is subject to an unconstitutional Tier III disciplinary determination that resulted in a recommended loss of 45 days good time. Petitioner was notified that the Second Circuit Court of Appeals has held that the proper habeas corpus statute to challenge the execution of a sentence is 28 U.S.C. § 2254, and not 28 U.S.C. § 2241, and that in such a situation the district court is required to convert the petition to one brought under § 2254 (Docket No. 4). Petitioner was given an opportunity to object to the recharacterization and withdraw the petition if he does not wish it to be recharacterized as one under 28 U.S.C. § 2254. Petitioner has responded to the Court's order of May 15, 2013 (Docket No. 5).

    Petitioner has not sought to withdraw the petition, but does object to it's recharacterization on the basis that the AEDPA's abuse-of-writ doctrine should

not apply to his petition and his petition should be allowed to proceed on the merits (Docket No. 5). He points out that 1) the petition does not raise a claim that was, or could have been raised in an earlier petition and 2) his petition is timely.[1] He further asserts that he has a liberty interest that invokes the protections of the due process clause of the Constitution. Petitioner is correct on those counts. His petition may proceed by way of 28 U.S.C. § 2254 in this Court. The reason for the notice of recharacterization and opportunity to withdraw was to alert petitioner to the law that would apply to his challenge to this prison disciplinary conviction. For example, should he have further grounds to challenge this disciplinary conviction that he does not bring in this action, he may be precluded from bringing a second or successive challenge.

Petitioner Michael Melendez, acting *pro se*, an inmate of the Woodbourn Correctional Facility, seeks relief pursuant to 28 U.S.C. § 2254, alleging that the decision made by the Collins Correctional Facility Time Allowance Committee in Collins, New York, to remove 45 days of his good time credits, was unconstitutionally obtained, as set forth more precisely in the petition. Petitioner has been granted *in forma pauperis* status. Accordingly,

IT HEREBY IS ORDERED as follows:

1.     Respondent shall file an **answer** to the petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States

---

[1] The petition refers in several places to the years 2009 and 1999. From the attachments to the Petition, it is clear that the date of the disciplinary conviction was June 10, 2009.

District Courts, no later than **August 9, 2013**. Further, the answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of, and documents relating to, such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings at issue now before this Court shall submit such records to respondent or the respondent's duly authorized representative.

If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs and record on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

2. The Clerk of Court shall serve a copy of the petition, together with a copy of this order, by certified mail, upon respondent Superintendent of Woodbourn Correctional Facility and upon the Office of the New York State Attorney General, Federal Habeas Unit, 120 Broadway, 12th Floor, New York, New York 10271-0332.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT JUDGE

Dated: June 28, 2013